Judith T. Sethna (SBN 232731)
Email: jsethna@reedsmith.com
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Allied Interstate LLC f/k/a
Allied Interstate, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WILSON,<br><br>            Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, INC.<br><br>            Defendant. | Case No. 8:12-cv-00932 (JST) (JPR)<br><br>**ANSWER**<br><br><br>Compl. Filed:      June 12, 2012<br><br>Honorable Josephine Staton Tucker |

Defendant Allied Interstate LLC f/k/a Allied Interstate, Inc. (hereinafter "Defendant"), by and through its attorneys, Reed Smith LLP, answers the complaint of plaintiff Jerry Wilson (hereinafter "Plaintiff"), dated May 29, 2012 (the "Complaint"), as follows:

## AS TO THE INTRODUCTION

1. The allegations of paragraph "1" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "1" of the Complaint.

## AS TO JURISDICTION AND VENUE

2. The allegations of paragraph "2" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "2" of the Complaint.

3. The allegations of paragraph "3" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "3" of the Complaint, except admits that Defendant transacts business within the District.

4. The allegations of paragraph "4" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "4" of the Complaint.

## AS TO THE PARTIES

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. The allegations of paragraph "6" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. The allegations of paragraph "7" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is

deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Defendant denies the allegations contained in paragraph "8" of the Complaint, except admits it performs debt collection services and maintains an office located at 335 Madison Avenue, 27th Floor, New York, New York 10017.

9. The allegations of paragraph "9" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "9" of the Complaint, except admits Defendant performs debt collection services.

10. The allegations of paragraph "10" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. The allegations of paragraph "11" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "11" of the Complaint.

## AS TO THE FACTUAL ALLEGATIONS

12. Defendant denies the allegations contained in paragraph "12" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.2(c) ("RFDCPA").

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Defendant denies the allegations contained in paragraph "15" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

16. Defendant denies the allegations contained in paragraph "16" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

19. Defendant denies the allegations contained in paragraph "19" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint, except admits it contacted Plaintiff in seeking to collect a debt from Plaintiff using methods compliant with the FDCPA and the RFDCPA.

## AS TO COUNT I

24. The allegations of paragraph "24" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "24" of the Complaint.

25. The allegations of paragraph "25" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "25" of the Complaint.

## AS TO COUNT II

26. The allegations of paragraph "26" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "26" of the Complaint.

27. The allegations of paragraph "27" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "27" of the Complaint.

## AS TO COUNT III

28. The allegations of paragraph "28" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "28" of the Complaint.

29. The allegations of paragraph "29" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "29" of the Complaint.

## AS TO COUNT IV

30. The allegations of paragraph "30" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. The allegations of paragraph "31" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "31" of the Complaint.

## AS TO COUNT V

32. The allegations of paragraph "32" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "32" of the Complaint.

33. The allegations of paragraph "33" of the Complaint set forth legal conclusions to which no responsive pleading is required. Defendant respectfully refers all conclusions of law to the Court. To the extent a responsive pleading is deemed required, Defendant denies the allegations contained in paragraph "33" of the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint fails to state a cause of action, as Defendant lawfully contacted Plaintiff in good faith under the FDCPA and the RFDCPA to collect a legitimate debt he does not deny he owes using a telephone number at which he consented to be contacted pursuant to a conceded prior commercial relationship (and not in solicitation).

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the documentary evidence.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred because Plaintiff cannot demonstrate any actual damages.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by the agreement governing Plaintiff's relationship with Defendant.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by correspondence between Plaintiff and Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Any damages sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable, reckless, and/or negligent conduct.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims should be dismissed as the parties have agreed to submit their dispute to binding arbitration.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by the statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred by the FDCPA and the RFDCPA.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant is not liable to Plaintiff because even if Plaintiff can show a violation of the FDCPA and the RFDCPA, such a violation was not intentional. Rather, any violation alleged by Plaintiff, if it occurred, was the result of bona fide error that occurred in spite of Defendant's established procedures reasonably adapted to avoid such errors.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. At all times, Defendant complied with any and all applicable federal and state statutory and regulatory provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. If Plaintiff is entitled to any statutory damages under the FDCPA, RFDCPA, or any other statute, which Defendant expressly denies, such damages are subject to the limitations set forth in the particular statute.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are subject to set-off.

Defendant reserves the right to amend its Answer and Affirmative Defenses based on any information obtained during discovery.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant reserves the right to amend its Answer and Affirmative Defenses based on any information obtained during discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
4. For attorney's fees according to proof; and
5. For such other and further relief as this Court may deem just and proper.

DATED: August 27, 2012.                REED SMITH LLP

                              By   /s/ Judith T. Sethna
                                  Judith T. Sethna
                                  Attorneys for Defendant
                                  Allied Interstate LLC f/k/a
                                  Allied Interstate, Inc.